1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JAMON R. HICKS, Esq. (SBN 232747)**
*DOUGLAS / HICKS LAW, APC*
5120 W. Gold Leaf Circle, Suite 140
Los Angeles, CA 90056
Phone: (323) 655-6505
Fax: (323) 927-1941
Email: jamon@douglashickslaw.com

**BENJAMIN RUDIN (State Bar No. 292341)**
**BEN RUDIN ATTORNEY AND COUNSELOR AT LAW**
3830 VALLEY CENTRE DR.
STE. 705, #231
SAN DIEGO, CALIFORNIA 92130
Telephone: (858) 256-4429
Email: ben@benrudin.law

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SANDY DELGADILLO, as an Individual and as the Guardian Ad Litem for minors, R.G., A.G., and S.M., and SHAWN MARTIN, as an Individual,** <br><br> Plaintiff(s), <br><br> v. <br><br> **COUNTY OF LOS ANGELES, DEPUTY JORDAN KENNEDY, DEPUTY SHAWN SUMMERS, SERGEANT LIM and DOES 1-10, Inclusive,** <br><br> Defendant(s). | Case No.: <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Violations of Civil Rights –** *Excessive Force* **- [42 U.S.C. § 1983];** <br> 2. **Violations of Civil Rights –** *Monell Liability* **- [42 U.S.C. § 1983];** |

1

Plaintiffs, Sandy Delgadillo ("Mrs. Delgadillo") and Shawn Martin ("Mr. Martin"), R.G. ("R.G."), A.G. ("A.G."), and S.M. ("S.M.") (together "Plaintiffs"), for causes of action against defendants County of Los Angeles ("County"), Los Angeles County Sheriff's Department ("LASD"), Sergeant Lim ("Sgt. Lim"), Deputy Jordan Kennedy ("Dep. Kennedy"), and Deputy Shawn Summers ("Dep. Summers") (together "Defendants"), allege as follows:

## **PARTIES**

1.      At all times herein mentioned, Plaintiffs were residents of the County of Los Angeles, City of Bellflower.

2.      At all times herein mentioned, defendants Dep. Kennedy and Dep. Summers were employees of LASD. Plaintiffs are informed and believe, and thereon allege, that at all times mentioned herein, Dep. Kennedy and Dep. Summers were residing in the County of Los Angeles.

3.      County is and at all times mentioned herein has been a public entity and incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, County has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of LASD and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices, customs, and usages.

4.      Plaintiffs are unaware of the exact names and capacities of those Defendants sued here as DOE Defendants. Plaintiffs will amend this complaint to allege Defendants' actual names and capacities when that information becomes known to them. Plaintiffs are informed, believe and thereon allege that these DOE Defendants are legally responsible and liable for the incident, injuries and damages set forth here, and that each of the Defendants proximately caused the injuries and damages by reason of negligent, careless,

deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiffs will seek leave to amend this complaint to set forth the real names and identities of the unknown named DOE Defendants when they are ascertained.

5.    Each defendant is sued both in his/her individual and personal capacity, as well as in his/her official capacity.

6.    Plaintiffs are informed, believe, and therefore allege that, at all times mentioned, each of the Defendants were the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

## JURISDICTION AND VENUE

7.    Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4) because this suit is brought under 42 U.S.C. § 1983. Jurisdiction is also conferred by 28 U.S.C. § 1331 because those causes of action arise under the Constitution and laws of the United States.

8.    Venue is proper in the United States District Court, Central District of California under 28 U.S.C. § 1931 because a substantial part of the events and omissions giving rise to this claim occurred there.

///
////
///
///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### *GENERAL ALLEGATIONS*

9.     Defendants, and each of them, did the acts and omissions hereinafter in bad faith and with the knowledge that their conduct violated well-established and settled law.

10.     On October 28, 2015, Dep. Kennedy and Dep. Summers of LASD forced their way into Plaintiffs' residence (9830 Ramona St., #15, Bellflower, CA 90706) without a warrant.

11.     After entering, Dep. Kennedy grabbed Mr. Martin's arm and put him in handcuffs without probable cause to do so.

12.     Mrs. Delgadillo then stood up and asked Dep. Kennedy what he was doing, and Dep. Kennedy elbow-struck Mrs. Delgadillo in her pregnant stomach (over 30 weeks), physically harming both her and S.M. Mrs. Delgadillo fell back on the couch in excruciating pain.

13.     Mr. Martin, R.G., and A.G. witnessed the above abuse and experienced emotional pain and suffering.

14.     Dep. Kennedy pointed a gun at minors R.G. and A.G. telling them not to move and to, "Shut the fuck up!"

15.     Mrs. Delgadillo requested that Dep. Kennedy and Dep. Summers call the paramedics due to pain from the elbow strike, and they refused.

16.     After that, Dep. Kennedy and Dep. Summers turned their home upside-down in a warrantless search.

17.     Mr. Martin drove Mrs. Delgadillo to the emergency room, where they stayed for seven (7) hours before she was discharged.

18.     The next day, October 29, 2015, Sgt. Lim, Dep. Kennedy, and Dep. Summers returned and stated they were investigating a "possible child abuse." They stated that if they could not interview the kids, they would take the kids away.

19.     Sgt. Lim stated to Mr. Martin that if they even think about suing LASD for what Dep. Kennedy's and Dep. Summers's actions the day before, the Deputy will make

their lives miserable, take their kids away and put them into foster care, and put Mr. Martin in jail.

20.     In the morning of October 30, 2015, Mrs. Delgadillo woke up in lots of pain where Dep. Kennedy elbow-struck her. She ran to the bathroom and found herself bleeding a lot.

21.     Mr. Martin called 911, and Mrs. Delgadillo ended up staying at Long Beach Memorial Hospital for seven (7) days.

22.     Around 1 a.m. on November 3, 2015, Sgt. Lim, Dep. Kennedy, Dep. Summers, and an unknown Deputy busted into Plaintiffs' residence and arrested Mr. Martin for criminal threats, and did not read him his Miranda rights.

23.     When Mr. Martin asked for an arrest warrant, Sgt. Lim said "fuck a warrant. If you want to play games with us, we will play games with you!"

24.     For the two (2) days that Mr. Martin was booked by LASD, Sgt. Lim took him out of his cell four (4) times and threatened him multiple times, including stating that if he files a lawsuit against LASD, LASD will make sure Mr. Martin gets lost in Los Angeles and will never be found, and that he better not go back to Bellflower.

25.     Sgt. Lim also stated that he would drop the criminal threats case if he agreed not to sue LASD.

26.     After Mr. Martin was bailed out, he received plenty of phone calls from Sgt. Lim telling him to come back to his residence so they can arrest him again, resulting in him and Plaintiffs being homeless, then moving to Arizona, then to San Diego.

27.     Defendants wrongfully, negligently, intentionally, and with deliberate indifference to the constitutional rights of Plaintiffs proceeded to falsely arrest and imprison Plaintiffs and assault and batter Plaintiffs, by acts which included, but were not limited to elbowing a pregnant woman in the stomach and well as pulling their handguns out and assaulting minor children. At all times relevant to the incident, Plaintiffs were unarmed.

28.     By assaulting and battering the Plaintiffs, the Defendants caused severe physical and emotional injuries to all Plaintiffs. At no time during these events did any of the Plaintiffs pose any reasonable threat of violence to the Defendants, nor to any other person, nor did Plaintiffs engage in any actions that obstructed, delayed, or resisted the subject Deputies' efforts to discharge their duties. Plaintiffs did not do anything to justify the force used against them, and the same was sadistic, excessive, unnecessary, and unlawful.

29.     When Defendants severely injured Plaintiffs, they had made no aggressive movements, no furtive gestures, and made no physical moves which would suggest to a reasonable Deputy that Plaintiffs were resisting arrest, or delaying the Deputies in the performance of their duties.

## FIRST CAUSE OF ACTION

### (Violation of Civil Rights – Unlawful Seizures, Searches, And Excessive Force – 42 U.S.C. § 1983)

### (By Plaintiffs against all Defendants)

30.     Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 9 through 29, as though fully set forth herein.

31.     This action at law for damages under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California, and common law principles to redress a deprivation under color of state law of rights, privileges, and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

32.     Commencing at or about the aforementioned dates and places, without cause or justification, and acting under color of law, defendants LASD, Dep. Kennedy, and Dep. Summers, and each of them individually, intentionally and maliciously deprived Plaintiffs of rights secured to them under the First, Fourth, Fifth, and Fourteenth Amendments to the

United States Constitution. Defendants LASD, Dep. Kennedy, and Dep. Summers overstepped their authority as peace Deputies when he turned Plaintiffs' home upside-down without a warrant, and refused to call the paramedics. Dep. Kennedy overstepped his authority as a peace Deputy when he elbow-struck Ms. Martin and S.M., and threatened R.G. and A.G. with a gun. Sgt. Lim overstepped his authority as a peace Deputy when he threatened to take the kids away, put Mr. Martin in jail, and tried inducing him not to sue LASD by threatening to prosecute him if he did. Defendants subjected Plaintiffs to unreasonable and excessive force, and threatened retaliation.

33.    As a direct and proximate result of the aforementioned acts and omissions of Defendants, and each of them, Mrs. Delgadillo experienced pregnancy complications, a pelvis rotation, and was sent into early labor. Mr. Martin experienced retaliation against his First Amendment right to petition, and emotional distress. R.G. and A.G. experienced emotional distress. S.M. was born prematurely (under 4 pounds) with blood in her lungs and jaundice. She spent four (4) weeks in a Neonatal Intensive Care Unit due to respiratory distress syndrome and was on oxygen and a ventilator for three (3) of those weeks. She was hooked up to a heart monitor and neogastric tube and is lucky to have survived. S.M. often throws up after drinking anything. Her development in social, emotional, adaptive self/help, and receptive language is significantly behind. Mr. and Mrs. Delgadillo have endured significant costs to get treatment for S.M.

34.    By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiffs incurred financial and other monetary special damages all to their damage in an amount as proved.

35.    By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiffs were compelled to secure the services of attorneys at law to redress the wrongs hereinbefore mentioned.

36.    The aforementioned acts and omissions of Defendants were committed by each of them knowingly, willfully, and maliciously, with the intent to harm, injure, vex,

harass, and oppress Plaintiffs with conscious disregard for Plaintiffs' constitutional rights and by reason thereof, Plaintiffs seek punitive and exemplary damages from Defendants, and each of them, except County, in an amount as proved.

## SECOND CAUSE OF ACTION

### (Unlawful Custom and Practice Under Section 1983)
### (By Plaintiffs Against Defendant County)

37.     Plaintiffs re-allege and incorporate by reference the allegations of paragraphs 9 through 36, as though fully set forth herein.

38.     Defendant County is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles County Sheriff's Department and its tactics, methods, practices, customs, and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

39.     At all times herein mentioned, Defendants Sgt. Lim, Dep. Kennedy, and Dep. Summers, and each of them, were employees acting under County's direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, Fifth, and Fourteenth Amendments, respectively, to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned required and encouraged the employment, deployment, and retention of persons as peace Deputies who have a propensity for brutality, dishonesty, bigotry, and numerous other serious abuses of their duties as peace Deputies in the employment of the County.

40.    Specifically, the County was aware of their Deputies engaging in unlawful searches of seizures of citizens in the privacy of their own homes.

41.    Defendant County knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute peace Deputies who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by the County by and through the LASD and Los Angeles County Counsel.

42.    PLAINTIFFS are informed and believe, and thereupon alleges, that before October 28, 2015 the County, defendant herein, and the LASD hired, trained, supervised, employed and/or managed the Defendants, including DOES 1 through 10, inclusive, with conscious disregard of and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to the County and the LASD that these Deputies were dangerous and violent employees, prone to violence and use of unnecessary and excessive force without reasonable justification, and in a manner that demonstrates callous disregard for the rights and safety of third parties, and assault and batter person and/or use unnecessary, unreasonably, and/or unlawful physical force without reasonable justification. Because adequate scrutiny of these individual Defendants' background would have led reasonable policymakers within the County and the LASD to conclude that the plainly obvious consequence of the decision to hire these individual Defendants would be the deprivation of a third party's Fourth Amendment right to be free from unreasonable and excessive force, the County and the LASD were deliberately indifferent to Plaintiffs federally protected rights when the Defendants including DOES 1 through 10, inclusive, were hired, retained, and later supervised.

43.    County also was aware of the pervasive "gang-like" culture that has plagued the LASD.

44.     As outlined in the preceding paragraphs of this Complaint, the assault and battery was an unconstitutional display of unreasonable and excessive force, which violated Plaintiffs' Fourth Amendment rights to be free from unreasonable seizures. Plaintiffs are informed and believe, and thereupon allege, the details of this incident have been revealed to the authorized policy makers within the County and the LASD, and that such policy makers have direct knowledge of the fact that the assault and battery of Plaintiffs were not justified, but rather represented an unconstitutional display of unreasonable and excessive force. Notwithstanding this knowledge, the authorized policy makers within the County and the LASD have approved of the Defendant Deputies' conduct in the assault and battery of the Plaintiffs, and have made a deliberate choice to endorse the Defendant Deputies' conduct in the assault and battery of Plaintiffs and the basis for that conduct. By so doing, the authorized policy makers within the County and the LASD have shown affirmative agreement with the individual Defendant Deputies' actions, including Defendants inclusive, and have ratified the unconstitutional acts of Defendants.

45.     The above articulated constitutional violations were proximately caused by the County's deliberate indifference to the maintenance, training, and control of the LASD, and the injuries and constitutional violations set forth herein were proximately caused by the customs, practices, policies, and decisions of the Defendant County and the LASD, including, but not limited to, inadequately training and supervising Deputies with respect to the reasonable and proper use of force against civilians and proper investigation of persons when responding to domestic violence cases.

46.     Plaintiffs are informed and believe and thereupon alleges that despite the fact that the County knew or should have known of the fact that these acts, omissions, decisions, practices, customs, and policies, both formal and informal, were being carried out by its agents and employees, the County has taken no steps or efforts to prevent this course of

conduct, nor to make redress to these Plaintiffs or other civilian citizens injured thereby, and has failed to take any disciplinary action whatsoever against of its employees or agents.

47.     The above acts or omissions of the Defendants were undertaken while under color of state law and resulted in the violation of Plaintiffs' constitutional rights, as stated herein. Likewise, the customs, practices, policies, and decisions of the County and the LASD alleged herein and as applied to Plaintiffs, resulted in violations of Plaintiffs' constitutional rights.

48.     The above acts, omissions, customs, practices, or decisions of the County and the LASD were consciously chosen from among various alternatives.

49.     Plaintiffs have the right to be free from unreasonable searches and seizures, and the right to be free from unreasonable and excessive force. These rights and privileges are secured to Plaintiffs by the provisions of the Fourth Amendment to the United States Constitution and by 42 U.S.C. Section 1983. All of these interests were implicated by the wrongful conduct of the Defendants, which proximately caused the assault and battery on Plaintiffs, and his severe and permanent injuries as alleged herein.

50.     Defendant deputies and the municipal Defendants acted in concert, acted outside the scope of his/her jurisdiction and without authorization of law and each of the individual Defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive Plaintiffs of his federally protected rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary damages against the individual Defendants in an amount to be proven at the trial of this matter.

51.     As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of Defendants, and each of them, Plaintiffs have suffered great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, and apprehension, all to their damage in a

sum to be determined at trial. Additionally, Plaintiffs have been forced to incur substantial amounts of attorneys' fees and other expenses in the prosecution of the above articulated constitutional violations.

52.     As a proximate result of the above-mentioned conduct of Defendants, and each of them, Plaintiffs have been required to employ and did employ physicians and surgeons to examine, treat and care for them, and incurred additional medical expenses for emergency treatment, hospital bills, and other incidental medical expenses in an amount according to proof at trial.

53.     As a further result of the conduct of each of these Defendants, Plaintiffs have lost past and future earnings in an amount to be determined according to proof at trial.

54.     Plaintiffs are entitled to and hereby demand costs, attorney fees, and expenses under 42 U.S.C. § 1988.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.   For general damages in an amount to be determined according to proof at trial;

3.   For medical and related expenses according to proof at trial;

4.   For costs of suit incurred herein;

5.   For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;

6.   For attorneys' fees and expert witness fees incurred herein;

7.   For statutory damages as permitted by law; and

8.   For such other and further relief as the Court deems just and proper.

DATED: October 26, 2017          Respectfully submitted,

                                 *DOUGLAS / HICKS LAW, APC*


                                 By: _/s/ Jamon R. Hicks_____
                                       JAMON R. HICKS, Esq.
                                       Attorneys for Plaintiffs




## **JURY DEMAND**

Plaintiffs hereby demand that a jury be empanelled for the trial of this matter.


DATED: October 26, 2017          Respectfully submitted,

                                 *DOUGLAS / HICKS LAW, APC*


                                 By: _/s/ Jamon R. Hicks_____
                                       JAMON R. HICKS, Esq.
                                       Attorneys for Plaintiffs