1
2  **RICKEY IVIE, Esq.** (State Bar No. 76864)
   rivie@imwlaw.com
3  **ANTONIO K. KIZZIE, Esq**. (State Bar No. 279719)
   akizzie@imwlaw.com
4  **IVIE, McNEILL & WYATT**
   444 S. Flower Street, Suite 1800
5  Los Angeles, California 90071
   Tel.    (213) 489-0028
6  Fax     (213) 489-0552

7  Attorneys for Defendant Deputy Jordan Kennedy

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | SANDY DELGADILLO, et.al.,        | CASE NO.: 2:17-cv-07860-R (SSx)

12 |              Plaintiffs,          | **[DISCOVERY MATTER]**

            vs.

13 | DEPUTY JORDAN KENNEDY            | **DEFENDANT DEPUTY JORDAN
                                        KENNEDY'S JOINT
14                                      STIPULATION TO COMPEL
                                        PLAINTIFF SHAWN MARTIN'S
15 |              Defendants.         | PRODUCTION OF DOCUMENTS
                                        RESPONSIVE TO DEFENDANT
16                                      COUNTY OF LOS ANGELES'
                                        REQUEST FOR PRODUCTION OF
17                                      DOCUMENTS, NO. 36-37 AND
                                        REQUEST FOR SANCTIONS**
18                                      [*Filed Concurrently with Declaration of
19                                      Antonio K. Kizzie, Esq., Defendant's
                                        Exhibits in Support Thereof, and
20                                      Proposed Order*]
21
                                        Jury Trial- December 11, 2018
22                                      Final Pretrial Conference- November
                                        13, 2018
23                                      Fact Discovery cut-off- October 22,
                                        2018
24

25                                      **L.R. 6-1 Motion Hearing Date:**
                                        September 18, 2018
26                                      **Time:** 10:00 a.m.
27                                      **Crtrm:**

28                            -1-
   **DEFENDANT DEPUTY JORDAN KENNEDY'S JOINT STIPULATION TO COMPEL PLAINTIFF
   SHAWN MARTIN'S PRODUCTION OF DOCUMENTS**

Roybal Federal Building and United
States Courthouse,
Courtroom 590, 5th Floor
255 East Temple Street, Los Angeles,
CA, 90012

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT on September 18, 2018 at 10:00 a.m. before the Honorable Magistrate Judge Suzanne H. Segal at the Roybal Federal Building and United States Courthouse, Courtroom 590, 5th Floor 255 East Temple Street, Los Angeles, CA, 90012,** Defendant JORDAN KENNEDY, will, and hereby does, move for an order compelling Plaintiff Shawn Martin to produce documents responsive to Defendant County of Los Angeles Request for Production of Documents, Set Four No. 36-37 and awarding sanctions in the amount of $2,125.00 to Defendant's counsel for the reasonable costs of the motion.

Defendant makes this motion on the grounds that Plaintiff Shawn Martin's objections to Defendant County of Los Angeles Request for Production of Documents, Set Four No. 36-37 were waived due to untimely responses. Defendant County of Los Angeles Request for Production of Documents, Set Four No. 36-37 pertain to request to inspect and produce a cell phone used to take photographs of Plaintiff's injuries and the original electronic .jpg, etc. files of those photographs in order to inspect the metadata which frequently indicates the date, time, and/or possible location of the photographs. Plaintiff only produced copied pdfs of the photographs, none of which contain the aforementioned metadata.

///

**DEFENDANT DEPUTY JORDAN KENNEDY'S JOINT STIPULATION TO COMPEL PLAINTIFF SHAWN MARTIN'S PRODUCTION OF DOCUMENTS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Despite LR 37-1 efforts to meet and confer on the issue, Plaintiff's counsel refuses to produce the requested items, which justifies the necessity of this motion and imposition of sanctions in the amount of $$2,125.00 for the cost of obtaining this order. Plaintiff failed to supply Plaintiff's portion within seven (7) days of August 7, 2018 as requested and in accordance with L.R. 37-2.2, which necessitated this motion.

This Joint Stipulation will be based upon this Notice, the attached introductory statements and arguments of counsel, documents, records and pleadings on file herein and upon such other oral and/or documentary evidence as may be presented at the hearing of this motion.

Dated:  **August 15, 2018**                    **IVIE, McNEILL & WYATT**

                                        By:    _/S/ Antonio K. Kizzie_____
                                               **RICKEY IVIE,**
                                               **ANTONIO K. KIZZIE**
                                               Attorneys for Defendant
                                               **JORDAN KENNEDY**

-3-
**DEFENDANT DEPUTY JORDAN KENNEDY'S JOINT STIPULATION TO COMPEL PLAINTIFF SHAWN MARTIN'S PRODUCTION OF DOCUMENTS**

# I.    INTRODUCTORY STATEMENTS

## A.    Defendant's Introductory Statement.

Plaintiffs Shawn Martin, et.al. ("Plaintiffs") Original Complaint for Damages ("Complaint") alleges claims for excessive force 42 U.S.C. § 1983. **Dkt. 1.** On October 28, 2015, Deputy Jordan Kennedy conducted a welfare check and protective sweep in response to a 911 call reporting a domestic disturbance at Plaintiff's residence. The Complaint stems from an incident which occurred on or about October 28, 2015 wherein Plaintiff alleges Defendant Deputy Jordan Kennedy ("Deputy Kennedy") pointed a gun at minor Plaintiff R.G. and A.G. during a protective sweep and elbowed Plaintiff Sandy Delgadillo. Deputy Kennedy entirely and vehemently denies Plaintiff's allegations.

## B.    Plaintiff's Introductory Statement.

Plaintiff failed to supply Plaintiff's portion within seven (7) days of August 7, 2018 as requested and in accordance with L.R. 37-2.2. [Kizzie Decl. ¶ 7, **Exhibit H**]

# II.    THE DISCOVERY AT ISSUE

## A.    Defendant's Position

On or about May 9, 2018, Defendant County of Los Angeles propounded Requests for Production to Plaintiff Shawn Martin, Set Four, No. 36 and 37, which after several weeks extension, were due on July 2, 2018. **Exhibit A.** On July 11, 2018, Plaintiff provided untimely, unverified responses, which also failed to comply with Local Rule 34-2. **Exhibit B.** Plaintiffs contend that Plaintiffs possess photographs depicting Plaintiffs' injuries.

In response to Defendants' requests for production No. 36 requesting the the cell phone, camera or other device containing the photographs depicting Plaintiffs' purported injuries and requests for production No. 37 requesting the original electronic .jpg or other format files of the photographs, Plaintiff merely produced copied, color .pdf photographs showing Plaintiff Sandy Delgadillo in the hospital.

-4-

**DEFENDANT DEPUTY JORDAN KENNEDY'S JOINT STIPULATION TO COMPEL PLAINTIFF SHAWN MARTIN'S PRODUCTION OF DOCUMENTS**

**Exhibit C (Plaintiff produced the photographs as "Exhibit A" to Plaintiff's responses).** Only one photograph purports to show a wrist tag showing the date of October 28, 2015. **Exhibit C.** Plaintiff Shawn Martin testified that Plaintiff's counsel is in possession of the cell phone with which the photographs were taken, in addition to the original electronic files of those photographs, and was unable to state the precise dates the photographs were taken. **Exhibit D.**

Based on information that a DCFS report was made alleging spousal and child abuse against Plaintiffs Sandy Delgadillo, R.G., and A.G. during the days before and the day after the subject incident, Defendants have reason to suspect that electronic metadata in the original electronic files of the photographs will reveal that the photographs were taken at times/dates and following events other than the subject incident. [Kizzie Decl. ¶ 6] Assuming such is true, Plaintiffs claim that the photographs depict injuries and hospitalization from Deputy Kennedy's conduct on the date of the incident can be debunked as false and impeaching. [Kizzie Decl. ¶ 6]

However, Defendant will never have the opportunity to find out if the camera or, at a minimum, the original electronic files of the photographs, rather than a mere pdf copy of the photographs, are produced. [Kizzie Decl. ¶ 6] Despite all of Plaintiff Martin's objections being waived to their production, Plaintiff's counsel has refused to produce the cell phone and original electronic photograph files, which requires the instant Court intervention. [Kizzie Decl. ¶ 6]

**B.**    **Plaintiff's Position**

Plaintiff failed to supply Plaintiff's portion within seven (7) days of August 7, 2018 as requested and in accordance with L.R. 37-2.2. [Kizzie Decl. ¶ 7, **Exhibit H**]

-5-

## III.    PARTIES' CONTENTIONS REGARDING PLAINTIFF'S DISCOVERY REQUESTS AND ARGUMENTS

**A.    DEFENDANT COUNTY OF LOS ANGELES REQUESTS FOR PRODUCTION TO PLAINTIFF SHAWN MARTIN, SET FOUR, NO. 36 and 37**

Defendant County of Los Angeles propounded Requests for Production to Plaintiff Shawn Martin, Set Four, No. 36 and 37 request the following,

**"REQUEST FOR PRODUCTION OF DOCUMENT NO. 36:**

The camera, phone or other device that was used to take the photo attached hereto as Exhibit A.

**REQUEST FOR PRODUCTION OF DOCUMENT NO. 37:**

The electronic file and all metadata from the camera, phone or other device that was used to take the photo attached hereto as Exhibit A." **Exhibit A.**

**B.    PLAINTIFF SHAWN MARTIN'S RESPONSE TO DEFENDANT COUNTY OF LOS ANGELES PROPOUNDED REQUESTS FOR PRODUCTION TO PLAINTIFF SHAWN MARTIN, SET FOUR, NO. 36 and 37**

**"RESPONSE TO REQUEST FOR DOCUMENT NO. 36:**

Objection. This discovery request has, in substance, been previously propounded in Set Two of Defendant COLA's Requests for Production of Documents to Shawn Martin. Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. Without waiving the stated objections, this party responds as follows: See Mr. Martin's Response to Request 24."

**"RESPONSE TO REQUEST FOR DOCUMENT NO. 37:**

Objection. This discovery request has, in substance, been previously

propounded in Set Two of Defendant COLA's Requests for Production of Documents to Shawn Martin. Continuous discovery into the same matter constitutes oppression, and Plaintiff further objects on that ground. Without waiving the stated objections, this party responds as follows: See Mr. Martin's Response to Request 25." **Exhibit B.**

**C.    DEFENDANT'S ARGUMENT FOR COMPELLING PRODUCTION OF PLAINTIFF'S DOCUMENT IN RESPONSE TO DEFENDANT COUNTY OF LOS ANGELES REQUESTS FOR PRODUCTION TO PLAINTIFF SHAWN MARTIN, SET FOUR, NO. 36 and 37**

Rule 34 requests may be used to inspect documents, tangible things, or land in the possession, custody, or control of another party. [FRCP 34(a)] Property is deemed within a party's "possession, custody, or control" if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. *In re Bankers Trust Co*. (6th Cir. 1995) 61 F3d 465, 469; *Starlight Int'l Inc. v. Herlihy* (D KS 1999) 186 FRD 626, 635; *McKesson Corp. v. Islamic Republic of Iran* (D DC 1999) 185 FRD 70, 77. Tangible things may be inspected, photographed, and subjected to testing or sampling. [FRCP 34(a)(1)]. A Rule 34 request may require production of electronically-stored information. [FRCP 34(a)(1)(A)]. "Electronically-stored information" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained. [FRCP 34(a)(1)(A)]

The burden is on the producing party to make a timely objection or to obtain a protective order preventing disclosure of the "metadata" (e.g., to preserve privileged information). *Williams v. Sprint/United Mgmt. Co*. (D KS 2005) 230 FRD 640, 652—improper to deliver files with "metadata" scrubbed; *Nova Measuring Instruments Ltd. v. Nanometrics, Inc*. (ND CA 2006) 417 F.Supp.2d 1121, 1122. Failing to respond to a Rule 34 request within the time permitted

waives all objections thereto—including claims of privilege and work product. *Richmark Corp. v. Timber Falling Consultants* (9th Cir. 1992) 959 F2d 1468, 1473—"Failure to object to discovery requests within the time required constitutes a waiver of any objection"; see also *Coregis Ins. Co. v. Baratta & Fenerty, Ltd*. (ED PA 1999) 187 FRD 528, 529.

Plaintiff's objections are baseless and waived as a matter of law. Plaintiffs contend that Plaintiffs possess photographs depicting Plaintiffs' injuries. On or about May 9, 2018, Defendant County of Los Angeles propounded Requests for Production to Plaintiff Shawn Martin, Set Four, No. 36 and 37, which after several weeks extension, were due on July 2, 2018, *and included a photograph attached as "Exhibit A."* **Exhibit A.** On July 11, 2018, Plaintiff provided untimely, unverified responses, which also failed to comply with Local Rule 34-2. **Exhibit B.**

In response to Defendants' requests for production No. 36 requesting the cell phone, camera or other device containing the photographs depicting Plaintiffs' purported injuries and requests for production No. 37 requesting the original electronic .jpg or other format files of the photographs, Plaintiff merely produced copied, color .pdf photographs showing Plaintiff Sandy Delgadillo in the hospital. **Exhibit C (Plaintiff produced the photographs as "Exhibit A" to Plaintiff's responses).** Only one photograph purports to show a wrist tag showing the date of October 28, 2015. **Exhibit C.** Plaintiff Shawn Martin testified that Plaintiff's counsel is in possession of the cell phone with which the photographs were taken, in addition to the original electronic files of those photographs, and was unable to state the precise dates the photographs were taken. **Exhibit D.**

Based on information that a DCFS report was made alleging spousal and child abuse against Plaintiffs Sandy Delgadillo, R.G., and A.G. during the days before and the day after the subject incident, Defendants have reason to suspect that electronic metadata in the original electronic files of the photographs will reveal that the photographs were taken at times/dates and following events other

-8-

than the subject incident. [Kizzie Decl. ¶ 6] Assuming such is true, Plaintiffs claim that the photographs depict injuries and hospitalization from Deputy Kennedy's conduct on the date of the incident can be debunked as false and impeaching. [Kizzie Decl. ¶ 6]

However, Defendant will never have the opportunity to find out if the camera or, at a minimum, the original electronic files of the photographs, rather than a mere pdf copy of the photographs, are produced. [Kizzie Decl. ¶ 6] Despite all of Plaintiff Martin's objections being waived to their production, Plaintiff's counsel has refused to produce the cell phone and original electronic photograph files, which requires the instant Court intervention. [Kizzie Decl. ¶ 6]

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Such information would be relevant to impeach Plaintiff and support the deputies' reasoning, among others, to detain Plaintiff at the incident.

Credibility, and evidence thereto, is always relevant as a matter for consideration by the jury. *United States v. Barnard*, 490 F.2d 907, 912 (9th Cir. 1973); *Aguilar v. Int'l Longshoremen's Union Local* No. 10, 966 F.2d 443, 447 (9th Cir.1992); *Richard Allen Wisler v. City of Fresno, et. al*. CV F 06-1694 AWI SMS (E.D. Cal. 2008).

"The party who resists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Superior Commc'ns v. Earhugger, Inc.,* 257 F.R.D. 215, 217 (C.D. Cal. 2009). Plaintiff has not met its burden of demonstrating that the document request is objectionable. Accordingly, judicial intervention is necessary to procure the aforementioned probative evidence.

-9-

**DEFENDANT DEPUTY JORDAN KENNEDY'S JOINT STIPULATION TO COMPEL PLAINTIFF SHAWN MARTIN'S PRODUCTION OF DOCUMENTS**

**D.    PLAINTIFF'S ARGUMENT FOR WITHHOLDING PRODUCTION OF PLAINTIFF'S DOCUMENT IN RESPONSE TO DEFENDANT COUNTY OF LOS ANGELES REQUESTS FOR PRODUCTION TO PLAINTIFF SHAWN MARTIN, SET FOUR, NO. 36 and 37**

Plaintiff failed to supply Plaintiff's portion within seven (7) days of August 7, 2018 as requested and in accordance with L.R. 37-2.2. [Kizzie Decl. ¶ 7, **Exhibit H**]

**IV.    L.R. 37-1 MEET AND CONFER EFFORTS**

On July 25, 2018, Defendant's counsel faxed and emailed correspondence requesting that Plaintiff meet and confer as to the subject deposition within ten (10) days of receipt. **Exhibit E.** On August 2, 2018, Defendant's and Plaintiff's counsel met and conferred as to the subject deposition. **Exhibit F.** Plaintiff's counsel did not and has not indicated that the requested documents will be produced. **Exhibit F.**

On August 7, 2018, Defendant's counsel emailed Plaintiff's counsel Defendant's portion of the stipulation, together with all declarations and exhibits in support thereof, and informed Plaintiff's counsel of Plaintiff's obligation to provide Plaintiff's portion within seven (7) days. [Kizzie Decl. ¶ 7, **Exhibit H**] As of August 15, 2018, Plaintiff failed to supply Plaintiff's portion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2. [Kizzie Decl. ¶ 7]

**V.    SANCTIONS ARE WARRANTED**

**A.    Defendants' Position**

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion (or other circumstances make such an award unjust). FRCP 37(a)(5); *H. K. Porter Co., Inc. v. Goodyear Tire & Rubber Co.* (6th Cir. 1976) 536 F2d 1115, 1124-1125; *Kannaday v. Ball* (D KS 2013) 292 FRD 640, 651.]

-10-

An award of expenses does not require a showing of willfulness or improper intent; rather, the standard is whether there was substantial justification for the losing party's conduct. FRCP 37(a)(5); *Reygo Pac. Corp. v. Johnston Pump Co.* (9th Cir. 1982) 680 F2d 647, 649; *Sheppard v. River Valley Fitness One, L.P.* (1st Cir. 2005) 428 F.3d 1, 11—"Whatever his motivation, [counsel's] arguments for the order, simply taken at face value, were so unjustified that he must personally bear the costs of opposing it"] Thus, the burden is on the losing party affirmatively to demonstrate that its position was substantially justified. Adv. Comm. Notes to 1970 Amendment to former FRCP 37(a)(4); see *Lorillard Tobacco Co. v. Elston Self Service Wholesale Groceries, Inc*. (ND IL 2009) 259 FRD 323, 327. The court may award expenses against the losing party and the losing party's attorney (FRCP 37(a)(5)). L.R. 37-4 "Cooperation of Counsel – Sanctions," states, "The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."

In the instant matter, sanctions are warranted for the aforementioned reasons which necessitated this motion. Plaintiff's objections to production are in bad-faith, frivolous, untimely and, therefore, waived.

Defendants request and are entitled to reasonable attorney's fees for bringing the instant motion in the amount of $2,125.00 ($425/hr. x 5 hours) as set forth in the declaration of Antonio K. Kizzie, Esq. [Kizzie Decl. ¶ 8, **Exhibit G**]

**B.  Plaintiff's Position**

As of August 15, 2018, Plaintiff failed to supply Plaintiff's portion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2. [Kizzie Decl. ¶ 7]

-11-

**DEFENDANT DEPUTY JORDAN KENNEDY'S JOINT STIPULATION TO COMPEL PLAINTIFF SHAWN MARTIN'S PRODUCTION OF DOCUMENTS**

1 | VI.    __DEFENDANT'S CONCLUSION__

2      For the foregoing reasons, the Court is respectfully requested to grant the

3 instant motion and request for sanctions in its entirety.

4

5 | **Dated:  August 15, 2018**       **IVIE, McNEILL & WYATT**

6               By:     _/S/ Antonio K. Kizzie_____

7                       **RICKEY IVIE,**

8                       **ANTONIO K. KIZZIE**

9                       Attorneys for Defendant
                      **JORDAN KENNEDY**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-12-